HARDY, Judge.
Plaintiff brought this suit seeking judgment, individually, for medical expenses, and further judgment, in the interest of his minor son, in the nature of damages for personal injuries resulting from the alleged negligence of the minor son of defendant. Exceptions of vagueness directed at the allegations of plaintiff’s petition were filed on behalf of defendant, which exceptions were sustained and defendant ordered to amend. Upon plaintiff’s refusal to amend there was judgment sustaining the exception and dismissing plaintiff’s suit, from which he brings this appeal.
The basis of plaintiff’s action, as disclosed by his petition, rests upon the injury inflicted upon his minor son, which injury specifically resulted in the permanent loss of vision of the right eye which was struck by an arrow discharged from a bow in the hands of defendant’s minor son.
Defendant’s exception is directed against the vagueness, uncertainty and lack of precision in the allegations of plaintiff’s petition. Particularizing this general objection the exception points out an asserted multiplicity of inconsistent allegations as incorporated in the petition. The objectionable features of the petition embody the allegations to the effect that defendant’s .minor son willfully shot the arrow at petitioner’s minor son, or made no attempt to control the direction of the missile; negligently shot the arrow in the direction *592 of petitioner’s minor son either without knowing of his presence or failing to ascertain such presence; and wantonly and carelessly shooting an arrow in a populated section without regard to the rights of others.
Defendant urged in exception that plaintiff should have been required to state whether the shooting was intentional or unintentional and should not be permitted to allege a number of possibilities in connection with the occurrence.
.In considering the merits of defendant’s exception we first observe that we do not believe an exception of vagueness can be regarded as the appropriate procedure for the raising of the issues presented. However this may be, we are convinced that defendant’s objections to the petition are untenable. Obviously the sole and ultimate purpose of defendant’s objection can only be predicated upon the right of a defendant to be informed with certainty as to the basis of defendant’s action in order that he may properly prepare his defense thereto.
An analysis of the several allegations of the petition to which defendant so strenuously objects only leads to the conclusion that there, is but one issue tendered by the petition, that is the negligence, vel non, on the part of defendant’s minor son in his handling and use of the bow and arrow. We cannot perceive that defendant has been prejudiced in the slightest degree because of the somewhat repetitive and detailed charges of negligence. It is further apparent, as a practical proposition, that a plaintiff must protect himself against the danger of too strict a limitation of pleadings as to a specific nature and character of negligence.
We think the judgment maintaining the exception and dismissing plaintiff’s suit was erroneous, and, accordingly,
It is ordered, adjudged and decreed that the judgment .appealed from be and it is hereby set aside,, defendant’s exception o.f vagueness ■ is dismissed, and the case is remanded to the Honorable the Ninth Judicial District Court in and for-the Parish of Rapides for further proceedings com sistent with law. Costs of this appeal are taxed against defendant-appellee and it is ordered that all other costs shall await final determination of this cause.